In re Gary HILL, Jr., d/b/a/ Hill Beverage Center, Debtor.

Gary Hill, Jr., d/b/a/., Hill Beverage Center, Movant,

v.

MKBS Holdings, LLC, Respondent.

No. 04–20993.

United States Bankruptcy Court, W.D. Pennsylvania.

April 6, 2004.

Robert O. Lampl, Esq., Pittsburgh, PA, for debtor.

Jeffrey A. Hulton, Pittsburgh, PA, Robert C. Edmundson, Russell R. Sanders, May, Long & Sanders, S. James Wallace, Griffith, McCague & Wallace, Pittsburgh, PA, for creditor.

Kathleen Robb, Esq., on Behalf of the United States Trustee, Pittsburgh, PA, for U.S. Trustee.

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS [1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the Court is Debtor's Emergency Motion to Enforce the Automatic Stay and for Sanctions.

### Factual Background

For purposes of this Opinion and Order, the Court accepts the facts as presented in

---

**1.** The Court's jurisdiction was not at issue. This Memorandum Opinion and Order constitutes our findings of fact and conclusions of law.

the submissions of the parties and the representations of counsel at the hearing held on February 2, 2004. The Court also takes judicial notice of the filings in the docket of the open bankruptcy case of Debtor's father, Gary Hill, Sr. ("Hill Senior") at 02–21164.[2]

The Debtor has operated a beer distributorship on part of the premises at 2604 Route 286, Plum Township, Pennsylvania (the "Premises") for the past thirteen years. In 1991, the Debtor alleges that he entered into a lease with Hill Senior by which the Debtor could use a portion of the Premises to operate the distributorship.

On February 2, 2002, Hill Senior filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court at Case No. 02–21164 (the "Hill Senior Case"). The Hill Senior Case is currently open and pending before the Honorable M. Bruce McCullough of this Court. We take judicial notice of the filings in that case. On April 8, 2003, Judge McCullough granted the Trustee's motion to sell the Premises to Robert Stultz ("Stultz"). According to Judge McCullough's Proceeding Memo, the sale was "as is, where is" with "no contingencies." Case No. 02–21164, Dkt. No. 52. As Judge McCullough elaborated in the Order of the Court Confirming Sale of Real Estate Located at 2604 Route 286, Plum Borough, Pittsburgh, Allegheny County, PA, the Premises were sold "free and clear of all liens, claims and encumbrances...." Case No. 02–21164, Dkt. No. 53.

Stultz attempted to evict the Debtor but his efforts failed when the Debtor established to the satisfaction of the District Justice that Stultz had recorded the deed to the premises without paying for the property. Thereafter, however, the sale to MKBS Holdings, LLC ("MKBS"), the present owner and Respondent to this Motion, occurred. The Debtor continued to use the Premises for his business until January 16, 2004. On December 21, 2003, MKBS notified the Debtor to quit the Premises and when Debtor failed to do so, padlocked the door on January 16, 2004, thereby depriving Debtor of access to his business.

Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 27, 2004.

### The Lease

■ The Debtor relies on a purported lease between Debtor and Hill Senior to establish his right to possession of the Premises. MKBS contends that the Debtor is not a tenant at all but a mere trespasser.

The Court finds that the Debtor has not met even a minimum threshold of proof that a lease between Debtor and Hill Senior exists. Counsel for the Debtor did not submit any evidence of the facts alleged in the emergency motion or affidavits from the Debtor or Hill Senior. The Debtor informed the Court in its motion, without supporting evidence, that the purported lease "cannot be located" by either the Debtor or Hill Senior. The Debtor has provided no extrinsic evidence for the existence of the lease.[3] The Debtor provided

---

2. Local Rule 1007–3(B) requires an individual debtor to designate a case as related to another when an insider (i.e., a relative) is also in bankruptcy. Had counsel done so, this case would have been related to Hill Senior's and assigned to Judge McCullough.

3. For purposes of this Opinion, the Court does not accept the Debtor's assertion that the Debtor's license to sell beer proves that he has a lease. First, the Debtor does not cite the specific rule or provision of state law that requires a license-holder to have a lease. Second, this assertion is not credible because if, as the Debtor asserts, a copy of the lease

no terms for the purported lease, other than a vague belief that the lease was either year-to-year or month-to-month. The Debtor admits that he rarely, if ever, paid rent and the filings in this case provide no evidence that the Debtor paid any rent.

The Court finds that the filings in the Hill Senior case do not support the existence of a lease between the Debtor and Hill Senior for the Premises. Hill Senior did not list any lease or other contract with the Debtor in his petition nor did he list any income from rents from the Debtor or the Debtor's business.[4] Hill Senior claimed no exemptions in the Premises. Hill Senior provided no returns for his individual taxes or current proof of income that would show if any rent was paid by the Debtor for the Premises.[5] Neither Hill Senior's Schedule I nor Schedule J show any income or expenses related to a lease to the Debtor. Further, the Chapter 7 Trustee in the Hill Senior case did not collect rent, administer the lease or assume and/or assign it as part of the sale.

The Court considers that the lack of any support in the Hill Senior case filings for the existence of the lease is particularly persuasive in that Mr. Robert O. Lampl, counsel to the Debtor, is also counsel of record to Hill Senior in Hill Senior's bankruptcy case. The Court will consider below the implications of Mr. Lampl's simultaneous representation of two debtors with apparently adverse interests.

Finally, the Court finds that Stoltz and MKBS never entered into or voluntarily accepted a lease relationship with the Debtor; they, in fact, actively sought to oust the Debtor from possession of the Premises.

For all the above reasons, the Court concludes that there is no credible evidence that a lease exists or has ever existed under which the Debtor has the right to possession of the Premises. Therefore, MKBS has not violated the automatic stay. The emergency motion will be dismissed.

■ Debtor asserts a possessory interest in the Premises, notwithstanding the fact that no lease was in effect at the time of the filing of the bankruptcy petition or during the nine months preceding the filing, and notwithstanding the fact that the Premises had been padlocked prepetition. Even if the Debtor had argued that *Atlantic Business and Community Corporation,* 901 F.2d 325 (3d Cir.1990) applied (which he has not), the Court of Appeals there stated that "possession of property, even under a tenancy at sufferance, is an interest protected by Section 362(a)(3)." 901 F.2d at 328. In the matter before us, personalty belonging to the Debtor remained in the Premises postpetition. It is arguable that under *Atlantic Business* the presence of personalty may be enough to create a possessory interest for purposes of the automatic stay. However, the Debtor's interest in the Premises on the basis of the presence of personalty is not sufficient to preclude annulment of the stay, at least where no lease exists.

---

was required to be submitted to the Liquor Control Board, the Debtor has not explained why he could not have obtained a copy of the lease from the state authorities for the purposes of this motion.

**4.** Hill Senior's Schedule G, the schedule of unexpired leases and executory contracts, lists "none."

**5.** Hill Senior did provide a copy of a (not current) Form 1120 from 1999 for a company he alleges he owned named "GLH Enterprises."

### Effect of Sale Under Section 363(f) of the Bankruptcy Code

■ The Court also finds that whatever possessory rights or other interests or encumbrances the Debtor may have had to the Premises were extinguished by Judge McCullough's order authorizing the sale of the Premises on April 8, 2004. Judge McCullough's order contains the following language: "[I]t is hereby ordered that [the Premises] is hereby sold free and clear of all liens, claims and encumbrances including, without limitation [three enumerated liens]." Dkt. No. 17, Debtor's Brief in Support of Motion to Enforce Automatic Stay, Exh. B, pp. 1–2. Although neither the Trustee's motion to confirm the sale nor Judge McCullough's order specifically refers to the statutory authority for the sale, a sale "free and clear" of interests can only be carried out under Section 363(f) of the Bankruptcy Code:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Although the courts of this circuit have not yet considered whether a sale under Section 363(f) of the Bankruptcy Code terminates leaseholds, this Court finds persuasive the exhaustive treatment of this issue and conclusions of the U.S. Court of Appeals for the Seventh Circuit last year in *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.)*, 327 F.3d 537 (7th Cir.2003), *rehearing denied* (May 27, 2003). Before it filed for protection under Chapter 11 of the Bankruptcy Code, Qualitech Steel Corporation entered into a contract with Precision Industries to construct and lease a supply warehouse.

In March 1999, Qualitech filed its Chapter 11 petition. In June, 1999, substantially all of Qualitech's assets (including the property leased to Precision) were sold at auction with the approval of the Bankruptcy Court to a group of senior prepetition secured lenders pursuant to Section 363(f) and "free and clear" of all interests. Following the sale the assets were transferred to the new owners. After some further negotiating between Qualitech and Precision, Precision vacated the warehouse and the new owners padlocked it.

Precision filed a complaint in federal district court alleging, among other things, trespass, conversion and wrongful eviction. The district court referred the case to the Bankruptcy Court to clarify Precision's possessory rights following the sale of the premises. The Bankruptcy Court found that Section 363(f) terminated any possessory rights that Precision might have had. The District Court on appeal reversed the Bankruptcy Court, finding that Section 365(h) preserved the lessee's possessory interests and superseded the more general terms of Section 363(f).

On appeal, the Seventh Circuit concluded that because a sale took place, Section 363 governed. Accordingly, the Court of Appeals reversed the District Court and held that, under the plain terms of Section 363(f), a sale order "free and clear" of interests extinguishes leases. Noting that a leasehold confers upon the lessee the

right to possess property for the term of the lease, the Seventh Circuit concluded that a lessee's possessory right is a limited "interest" in the property. The term "any interest" as used in Section 363(f) is sufficiently broad to include a leasehold interest and therefore Section 363(f) on its face authorizes the sale of property free and clear of leasehold interests.

In the case at bench, the Court finds that Judge McCullough, on April 8, 2003, signed the order that authorized a sale of the Premises pursuant to Section 363(f). The order was granted "without limitation." Neither Hill Senior, nor the Chapter 7 Trustee nor the Debtor objected to the sale.[6] Therefore, whatever possessory interests the Debtor may have had in the Premises were extinguished by Judge McCullough's order as of April 8, 2003, and thus were not property of this estate on January 27, 2004, when the Debtor filed his Chapter 11 petition.

**Possible Conflict of Interest of Counsel to the Debtor–in–Possession**

As noted above, the Court is concerned that. Robert O. Lampl, counsel to the Debtor, may have a conflict of interest in his representation of the Debtor. Mr. Lampl is counsel of record in the Hill Senior bankruptcy case which is still open. In that case, Mr. Lampl counseled Hill Senior in the preparation of and filed schedules which do not include any reference to a lease of the Premises by Hill Senior to the Debtor. Now, Mr. Lampl is asserting on behalf of the Debtor that such a lease exists. In addition to the apparent inconsistencies in representation of fact before two judges of the same Court, the assertion that a lease existed between Hill Senior and the Debtor and that rents were rarely if ever paid necessarily makes Hill Senior a creditor in the Debtor's case and the Debtor a potential source of funds in the Hill Senior case. This creates an apparent adversarial relationship between the bankruptcy estates of Hill Senior and that of the Debtor. Moreover, there is at least one unresolved motion filed by Mr. Lampl in the Hill Senior case.

The Court notes that the Debtor has failed as of the date of this Memorandum and Order to file an application to retain counsel pursuant to Section 327(a) of the Bankruptcy Code. When such an application has been filed, as well as any objections that may be submitted by parties in interest, the Court will be better prepared to consider whether Mr. Lampl has a conflict of interest that requires disqualification as counsel to the Debtor in this case.

Therefore, IT IS ORDERED that

Debtor's Emergency Motion to Enforce the Stay and for Sanctions is DENIED; and it is further ORDERED that

The Debtor shall file an application to retain counsel pursuant to Section 327(a) of the Bankruptcy Code in case no. 04–20993 by April 15, 2004; and it is further ORDERED that

The Debtor shall remove his personalty, if any, from the Premises by April 15, 2004; and it is further ORDERED that

Until the application to retain counsel is filed, Robert O. Lampl shall take no further action in this case except to inform Debtor of the Debtor's responsibility to file the application to retain counsel and that the Debtor must remove his personalty from the Premises. In the event that the application to retain counsel is not timely filed, Robert O. Lampl shall return to Debtor any retainer and/or fees received

---

6. The Court notes that on November 13, 2003, over seven months after the entry of the sale order, Hill Senior, through his attorney Robert O. Lampl, moved to vacate the sale order. Hill Senior Case, Dkt. 59. This motion is still open before Judge McCullough.

in or for this case, file an affidavit so stating not later than April 18, 2004 and shall take no further action or provide advice in or regarding this case.